IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CR-04033-SRB-5 |
| DANIEL SCOTT KURTZEBORN, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Daniel Scott Kurtzeborn's Motion to Dismiss Count 24 of the Superseding Indictment. (Doc. 136). The Government has filed its suggestions in opposition. (Doc. 140). Mr. Kurtzeborn has not filed a reply, and the time to do so has passed. The motion is now ripe for consideration. For the reasons that follow, it is recommended that the motion be DENIED.

### I. Background

On July 23, 2024, a federal grand jury returned a superseding indictment charging Mr. Kurtzeborn of being a felon in possession of a firearm. (Doc. 111). Count 24 alleges:

> On or about July 15, 2021, in Miller County, Western District of Missouri, **DANIEL SCOTT KURTZEBORN**, the defendant, knowing he had previously been convicted of a crime punishable for a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Taurus, model 650, .357 caliber revolver, serial number YB61739; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

(*Id.* at 16). On September 5, 2024, Mr. Kurtzeborn filed the instant Motion to Dismiss Count 24 of the Indictment. (Doc. 136). On September 18, 2024, the Government requested an extension of time until September 24, 2024, to file its response to Mr. Kurtzeborn's motion, which

the Court granted. (Docs. 137, 138). The Government filed its suggestions in opposition on September 23, 2024. (Doc. 140).

## II. Discussion

In 2022, the Supreme Court decided *Bruen* and found a New York gun licensing law was unconstitutional because it required a showing of a "special need for self-defense" to obtain a permit to carry a gun in public. *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 11 (2022). In reaching its decision, the Court stated: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. Later, in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), the Supreme Court again reviewed the history of American gun laws and ruled that Section 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm, was constitutional on its face. 144 S. Ct. at 1898-1901. However, the Court did not address Section 922(g)(1)'s constitutionality.

In *Jackson*, which was vacated and remanded post-*Rahimi*, the defendant argued that Section 922(g)(1) was unconstitutional as applied to him because his drug offenses were "non-violent" and did not show that he was more dangerous than the typical law-abiding citizen. *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024). There, the Eighth Circuit noted that the *Rahimi* decision did not change its conclusion and upheld the constitutionality of Section 922(g)(1). *Id* at 1122, 1125. It concluded:

> The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626, 128 S.Ct. 2783; *see McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (plurality opinion) ("We repeat those assurances here."). The decision

in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 597 U.S. at 70, 142 S.Ct. 2111, did not disturb those statements or cast doubt on the prohibitions. *See id.* at 72, 142 S.Ct. 2111 (Alito, J., concurring); *id*. at 81, 142 S.Ct. 2111 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 129, 142 S.Ct. 2111 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Neither did the decision in *Rahimi*. *See* 144 S. Ct. at 1901-02. Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of §922(g)(1).

*Id.* Here, Mr. Kurtzeborn contends that Count 24 of the Superseding Indictment should be dismissed. He argues 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him based on the text-and-history analysis set forth in *Bruen*, which he contends was misapplied, misinterpreted, and misrepresented in *Jackson*. He additionally contends that the statute is unconstitutionally overbroad and that it violates the Fifth Amendment's due process clause.

### A. Section 922(g)(1) is constitutional on its face.

Mr. Kurtzeborn contends that Section 922(g)(1) is unconstitutional on its face because (1) it is inconsistent with the Nation's historical tradition of firearm regulation and (2) there are no historical statutes banning felons from possessing firearm. (Doc. 136 at 2, 21-25).

"'A facial challenge is . . . a claim that the law or policy at issue is unconstitutional in *all* its applications,'" regardless of the individual circumstances. *See United States v. Veasley*, 98 F.4th 906, 909 (8th Cir. 2024) *citing to Bucklew v. Precythe*, 587 U.S. 119, 138 (2019). If some applications are constitutional, then facially speaking, the statute is too. *See Veasley,* 98 F.4th at 909 (citations omitted). "To counter a facial challenge, by contrast, all the government must do is identify constitutional applications . . . using the same text-and-historical-understanding framework." *Id.* at 910.

Post-*Rahimi,* the Eighth Circuit has found that Section 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation. *Jackson*, 110 F.4th at 1126 ("In sum, we

conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms."); *see also United States v. Mull*, 113 F.4th 864, 869-70 (8th Cir. 2024) (holding that defendant's argument that felon in possession convictions are not historically recognized was foreclosed by Eighth Circuit precedent). Furthermore, the Eighth Circuit has explicitly rejected the argument that Section 922(g)(1) is unconstitutional on its face. *See United States v. Doss*, No. 22-3662, 2024 WL 3964616, at *1 (8th Cir. Aug. 28, 2024) (rejecting arguments that Section 922(g)(1) is unconstitutional on its face and as applied); *see also United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional. . ."). Accordingly, it is recommended that Mr. Kurtzeborn's motion to dismiss be denied on this basis.

**B. Section 922(g)(1) is constitutional as applied to Mr. Kurtzeborn.**

Mr. Kurtzeborn also contends that Section 922(g)(1) is unconstitutional as applied to him because his two prior felony convictions, forgery and identity theft in 2013, are outdated, do not establish he had ever posed or currently poses a risk of violence, and did not involve violence. (Doc. 136 at 2, 25-26).

An "as-applied challenge" requires the court "to examine a statute based on a defendant's individual circumstances." *Veasley*, 98 F.4th at 909 (citation omitted). "The as-applied challenger does not contend that a law is unconstitutional as written[,] but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (citation and internal quotations omitted).

The Eighth Circuit has held Section 922(g)(1) does not violate the Second Amendment when applied to defendants with underlying nonviolent drug offenses. *See Jackson*, 110 F.4th at 1125. Further, the Eighth Circuit has found that *Jackson* "forecloses" the argument "that the

Second Amendment guaranteed a defendant's right to possess a firearm, despite his status as a twice-convicted felon, when neither of the prior offenses qualified as a 'violent' offense based on the elements of the crime." *See Cunningham*, 114 F.4th at 675. Accordingly, it is recommended that Section 922(g)(1) be found constitutional as applied to Mr. Kurtzeborn and the motion be denied on this basis.

### C. Section 922(g)(1) is not substantially overbroad.

Mr. Kurtzeborn asserts that Section 922(g)(1) is overbroad because it prohibits possession of a firearm for all purposes, even self-defense or defense of others, and in all places, including an individual's home, vehicle, or person. (Doc. 136 at 22).

"The overbreadth doctrine, under which a challenger may rely on the rights of others in situations not before the court, applies only in the limited context of the First Amendment." *Adams*, 914 F.3d at 607 (citation omitted). Moreover, courts in the Western District of Missouri have declined to invalidate Section 922(g)(1) on overbreadth grounds. *See United States v. Pepple,* No. 24-00096-01-CR-W-HFS, 2024 WL 4428798, at *2 (W.D. Mo. Sept. 18, 2024), *report and recommendation adopted*, No. 24-00096-CR-W-HFS, 2024 WL 4416554 (W.D. Mo. Oct. 4, 2024); *see also United States v. Higgins*, No. 24-00116-01-CR-W-DGK, 2024 WL 4371536, at *2 (W.D. Mo. Sept. 16, 2024), *report and recommendation adopted sub nom. United States v. Higgins*, No. 4:24-CR-00116-DGK, 2024 WL 4370945 (W.D. Mo. Oct. 1, 2024). For these reasons, Mr. Kurtzeborn's overbreadth challenge to Section 922(g)(1) should be denied.

### D. Section 922(g)(1) does not violate the Fifth Amendment Due Process Clause.

Mr. Kurtzeborn also asserts Section 922(g)(1) contains no procedural mechanism for a felon to regain their right to possess firearms and violates the Fifth Amendment right to procedural due process. (Doc. 136 at 25). However, courts in the Western District of Missouri have rejected

this argument, finding that Section 922(g)(1) contains a restoration mechanism through 18 U.S.C. § 921(a)(20).[1] *United States v. Scott*, No. 4:23-CR-00101-1-BCW, 2024 WL 2303941, at *3 (W.D. Mo. May 21, 2024); *see also United States v. Garner*, No. 24-00013-01-CR-W-RK, 2024 WL 4273835, at *4 (W.D. Mo. Aug. 19, 2024), *report and recommendation adopted sub nom. United States v. Garner*, No. 4:24-CR-00013-RK-1, 2024 WL 4272734 (W.D. Mo. Sept. 23, 2024). Accordingly, it is recommended that Mr. Kurtzeborn's motion to dismiss be denied on this basis.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order DENYING Defendant Daniel Scott Kurtzeborn's Motion to Dismiss Count 24 of the Superseding Indictment.

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation that are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 18th day of October 2024, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge

---

[1] Title 18, United States Code, Section 921(a)(20) states, "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction ... unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."